**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BRANDON MONTGOMERY,** | : | |
| Petitioner, | : | CIVIL NO. 3:10-14 |
| v. | : | (CONABOY D.J.) |
| | | (MANNION, M.J.) |
| **RONNIE HOLT,** | : | |
| Respondent. | : | |

**REPORT AND RECOMMENDATION**

**I. Background and Procedural History.**

On January 5, 2010, the petitioner Brandon Montgomery filed, *pro se*, a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241. (Doc. 1). The petitioner named as respondent Ronnie Holt, Warden. The petitioner paid the filing fee. (Doc. 6).

The Court issued a Show Cause Order on April 12, 2010, and directed the respondent to answer the petition. (Doc. 9). On May 3, 2010, the respondent filed a response to the Habeas Petition with supporting exhibits. (Doc. 11). On May 14, 2010, the petitioner's motion for the appointment of counsel was denied. (Doc. 14). On June 28, 2010, the petitioner filed a traverse. (Doc. 16).

The petitioner was arrested and detained on several occasions in 2005. (Doc. 11, Ex. 1 at ¶ 6 and Attach. E.). On March 21, 2005, he committed the offenses of "Bank Fraud" and "Aggravated Identity Theft" that gave rise to his current federal imprisonment. (Doc. 11, Ex. 1 at ¶ 5 and Attachments C, H).

On November 28, 2006, the petitioner was arrested in South Dakota and has remained in the custody of state and federal authorities since that date. (Doc. 11, Ex. 1 at ¶ 6 and Attach. E).

On February 24, 2006, the United States Marshals Service ("USMS") borrowed the petitioner from state custody via a writ of habeas corpus *ad prosequendum*. (Doc. 11, Ex. 1 at ¶ 6 and Attach. B). He remained in federal custody through July 11, 2006. (Doc. 11, Ex. 1).

On July 10, 2006, the petitioner was sentenced in the United States District Court for the District of South Dakota to ninety-five (95) months imprisonment for "Bank Fraud" and "Aggravated Identity Theft." (Doc. 11, Ex. 1 at ¶8 and Attach. C). The court was silent regarding the order of service of the petitioner's federal term and his pending state sentence. The petitioner was returned to state custody on July 11, 2006. (Doc. 11 , Ex. 1 at ¶ 8 and Attach. B).

On August 9, 2006, the petitioner arrived at the South Dakota State Penitentiary to serve a two (2) year and a five (5) year term for the offenses of "Failure to Appear" and "Fraud". He was paroled by the State of South Dakota on December 24, 2007 and released into the custody of the USMS. (Doc. 1, Ex. 1 at ¶ 9 and Attachments B, E). The petitioner satisfied his state sentence and received credit from November 28, 2005 through December 24, 2007. (Doc. 1, Ex. 1, Attach. J).

The Bureau of Prisons ("BOP") computed the petitioner's sentence in

2

accordance with Program Statement 5880.28 and 18 U.S.C. §§3584(a), 3585(a). Pursuant to 18 U.S.C. §3585(b), the petitioner was granted prior custody credit of thirty-nine (39) days against his federal sentence for periods of "qualified credit" that relate to the time he spent in custody concerning several other arrests that were not applied toward the completion of his state sentence. (Doc. 11, Ex. 1, Attach H and I; Ex. 3).

In December of 2008, the petitioner filed an administrative remedy requesting a "*nunc pro tunc*" concurrent designation. (Doc.11, Ex. 1 at ¶¶ 13-14). Accordingly, the Designation and Sentence Computation Center ("DSCC") contacted the United States District Court for the District of South Dakota for input regarding the petitioner's request for a concurrent designation. (Doc. 11, Ex. 1 at ¶ 14; Attach. L). At the time of filing, the DSCC had not received a response. (*Id.*).

The petitioner's request for a *nunc pro tunc* concurrent designation was reviewed pursuant to *Barden v. Koehan*, 921 F.2d 476 (3d Cir. 1990). The BOP determined that a retroactive concurrent designation of the petitioner's sentence was inappropriate because of the nature and circumstances of his federal offense, his criminal history, and the fact that the sentencing court did not take a position regarding this matter. (Doc. 11, Ex. 1 at ¶ 12).

In the instant petition for habeas relief, the petitioner seeks an order directing the BOP to credit his sentence to reflect time served for all time he was confined by state authorities. (Doc. 1).

3

The petitioner appears to request credit for sixteen (16) months and seventeen (17) days he spent in state prison. (Doc. 16 at 2). The respondent argues that the petitioner's criminal sentence and release date have been computed correctly. (Doc. 11). For the reasons set forth below, it is recommended that the petition be **DENIED**.

**II. Discussion.**

The Attorney General has delegated authority to the Director of the BOP to compute federal sentences for offences. See 18 U.S.C. §3585; *United States v. Wilson*, 503 U.S. 329, 331-32 (1992). Computation of a federal sentence is governed by 18 U.S.C. §3585 and is comprised of two factors: 1) the date on which the federal sentence commences, and 2) the extent to which credit may be awarded for time spent in custody prior to the commencement of the sentence. 18 U.S.C. §3585(a) provides that a federal prison sentence "commences on the date the defendant is received in custody awaiting transportation to ... the official detention facility at which the sentence is to be served." 18 U.S.C. §3585(a). In elaborating on §3585, the BOP has logically determined that "[i]n no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed." BOP Program Statement 5880.28, Sentence Computation Manual, at 1-13 (Feb. 21, 1992).

Under certain circumstances, a federal defendant is entitled to "jail time

credit," or credit for custody prior to the sentences commencement or imposition:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
> > (1) as a result of the offense for which the sentence was imposed; or
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> 
> that has not been credited against another sentence.

[18 U.S.C. §3585(b)](https://example.com).

But, as the statutory language clearly indicates, a federal defendant is not entitled to double credit, that is, credit against his current federal sentence based on a term of imprisonment that is credited to another sentence. *[Rios v. Wiley](https://example.com)*, [201 F.3d 257, 274-75 (3d Cir. 2000)](https://example.com)*, abrogated in part on other grounds by statute*. The prohibition on double credit includes the circumstances when a state prisoner is temporarily removed to federal custody pursuant to a writ of habeas corpus *ad prosequendum*. In that instance, the federal defendant may not receive credit for the time he was in federal custody pursuant to the writ against the federal sentence imposed as a result of that prosecution. *[Id](https://example.com)*. Under the primary jurisdiction principle, the federal defendant in fact continues to serve his state sentence while he is in federal custody. *[Id](https://example.com)*. "[T]he writ merely 'loans' the prisoner to federal authorities" without affecting the term of his prior state sentence. *[Id](https://example.com)*. As the

5

Third Circuit has held, "the law on this point is clear: a prisoner detained pursuant to a writ of habeas corpus *ad prosequendum* remains in the primary custody of the first jurisdiction unless and until the first sovereign relinquishes jurisdiction over the prisoner." *Id.*

Pursuant to 18 U.S.C. §3584, a federal sentencing court may impose a sentence that runs concurrent to a state sentence. It states, in pertinent part:

> **(a) Imposition of concurrent or consecutive terms.** - If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole object of the attempt. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

18 U.S.C. §3584(a).

The petitioner asserts that his federal sentence should have run concurrently to his state sentence and requests credit for time he spent in state custody. The respondent submitted a declaration by John A. Farrar, a Policy and Correspondence Specialist at the DSCC. (Doc. 11, Ex. 1). Farrar stated that the petitioner was taken into state custody on November 28, 2006. From February 2, 2006 through July 11, 2006, the petitioner was in federal custody pursuant to a writ of habeas corpus *ad prosequendum*. At this time, the state of South Dakota exercised primary jurisdiction over him and

maintained that jurisdiction until the petitioner was ultimately paroled and released from state custody on December 24, 2007. On that day, the petitioner was released into federal custody.

Farrar stated that the petitioner received credit towards his state sentence from November 28, 2005 through December 24, 2007 and was not entitled to receive credit towards his federal sentence for this time because it was already credited towards his state sentence. His federal sentence commenced on the date of his release from his state sentence, December 24, 2007. See [18 U.S.C. §3585(b)](#); *[United States v. Pungitore, 910 F.2d 1084, 1118-19 (3d Cir. 1990), cert. denied, 500 U.S. 915-16 (1991)](#)*("A federal sentence does not begin to run until the defendant is delivered to the place where the sentence is to be served.").

The petitioner asserts that his federal and state sentences should run concurrently. However, there was no indication from the federal sentencing court that the petitioner's sentence was to run concurrently with any state term that was too be imposed. At the time the petitioner was sentenced in federal court, there was no state sentence for the sentencing judge to order the federal sentence run concurrent with. Under [18 U.S.C. §3584](#), if the court is silent as to whether terms of imprisonment imposed at different times are to run concurrently or consecutively, they will run consecutively unless the statute specifies otherwise.

The petitioner argues that the state court specifically directed his state

7

sentence run concurrently with his federal sentence. (Doc. 16). However, the BOP is not bound by a state court's order that a state sentence run concurrent to an already existing federal sentence. In *Doyle v. U.S. Department of Justice*, 1995 WL 412406 *5 (E.D. Pa. 1995), the court stated:

> Although a state court may order a state sentence to run concurrent to an already existing federal sentence, that by no means compels the federal court to coordinate the initiation of the federal sentence with the commencement of the state sentence. See *Barden v. Keohane*, 921 F.2d 476, 478, n. 4, 480 (3d Cir. 1990) (A federal sentence cannot be made to run concurrently with a state sentence and "neither the federal courts nor the Bureau are bound in any way by the state court's direction that the state and federal sentences run concurrently."); *Gomori v. Arnold*, 533 F.2d 871, 875 (3d Cir.), cert. denied, 429 U.S. 851, 97 S. Ct. 140, 50 L. Ed. 2d 125 (1976) ("The rule of presumptive concurrency of sentences, in the absence of a specific directive that sentences be served concurrently, does not apply where one sentence is imposed by a federal court and the other by a state court."); *Bloomgren v. Belaski*, 948 F.2d 688, 691 (10th Cir. 1991) ("The determination by federal authorities that Bloomgren's federal sentence would run consecutively to his state sentence is a federal matter which cannot be overridden by a state court provision for concurrent sentencing on a subsequently obtained state conviction."); *United States v. Huss*, 520 F.2d 598 (2d Cir. 1975) (a federal court is not compelled to order that a federal sentence be served concurrent with a state sentence).

Thus, the BOP was not required to compute the petitioner's federal and state sentences as running concurrently.

Lastly, pursuant to 18 U.S.C. §3621(b), the BOP does have the authority to designate a state institution as the official facility for service of a federal sentence and may implement such a designation *nunc pro tunc*. See *Barden*, 921 F.2d at 478-79. If this designation impacts the fact or duration of a prisoner's sentence, the BOP's decision is subject to judicial review for

abuse of discretion. *Id*. at 478. *See also United States v. Allen*, 124 Fed. Appx. 719, 721 (3d Cir. 2005). In *Barden*, the BOP refused to consider a petitioner's request for *nunc pro tunc* designation of a state facility for the service of his federal sentence, which would have made his state and federal sentences run concurrently. *Barden*, 921 F.2d at 476. The Court held that the BOP's refusal to consider the petitioner's request carried a "serious potential for a miscarriage of justice" because of the significant federal sentence credit, ten years, that could be realized by the petitioner if he were successful. *Id*.

Here, the petitioner's sentence was reviewed pursuant to *Barden* for *nunc pro tunc* designation, or retroactive concurrent designation of a state and federal sentence. (Doc. 11, Ex. 1 at ¶ 15). However, the BOP denied the petitioner's request in consideration of his federal offenses of "Bank Fraud" and "Aggravated Identity Theft," his extensive prior criminal history consisting of twenty-seven (27) criminal adjudications, and the sentencing court's silence on the issue of concurrent designation. (Doc. 11, Ex. 1 at ¶ 15; see also Ex. 1, Attachments D, M). Moreover, the petitioner specifically clarifies in his traverse that he is not seeking a *nunc pro tunc* designation. (Doc. 16 at 2).

Thus, in light of the foregoing, it appears that the BOP properly computed the petitioner's sentence.

## III. Conclusion

For the foregoing reasons, **IT IS HEREBY RECOMMENDED THAT** the petition for writ of habeas corpus, **(Doc. 1)**, be **DENIED**.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION
United States Magistrate Judge**

**Date:** March 17, 2011

O:\shared\REPORTS\2010 Reports\10-00014-01.wpd